HERBERT RELLER ET AL., APPELLANTS, V. CONSUMERS PUBLIC POWER DISTRICT, A PUBLIC CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLEE.

260 N. W. 2d 622

Filed January 4, 1978. No. 41283.

John McArthur, for appellants.

Kile W. Johnson of Barlow, Johnson, DeMars & Flodman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding in eminent do-

main. The defendant, Consumers Public Power District, condemned an easement for a high-voltage electric transmission line across the property of the plaintiffs, Herbert Reller and Freda Reller. The appraisers fixed the damages to the plaintiffs' land at $2,615. The plaintiffs appealed to the District Court where a jury was waived and the case tried to the court. The trial court found that the damages amounted to $2,500 and entered judgment for that amount. The plaintiffs have appealed.

The plaintiffs' land consists of two tracts. Tract 1 consists of 540 acres in Section 5 and tract 2 consists of 127 acres in Section 8, all in Township 7 North, Range 6 East of the 6th P.M., in Lancaster County, Nebraska. The easement, which is 100 feet wide, enters tract 2 near the southwest corner and runs to the northeast on a diagonal line to a point 770 feet west of the northeast corner of tract 2. The easement runs north and south across tract 1 close to the centerline of the section. The easement is ¾ mile long across tract 1 and approximately ½ mile in length across tract 2. There are three 2-pole structures erected on tract 2 and five 2-pole structures on tract 1. The easement permits the landowner to use and cultivate the land within the right-of-way.

The only witness who testified for the plaintiffs was one of the owners, Herbert Reller. He testified the damages amounted to over $100,000. The expert witness for the defendant testified the damages amounted to $2,500.

The plaintiffs claim the trial court failed to give proper consideration to the fact that the easement and the structures erected on the right-of-way prevent the plaintiffs from economically using automatic or center pivot irrigation on their land. They claim that 250 to 300 acres in Section 5 and the entire 127 acres in Section 8 are suitable for irrigation by a center pivot system.

The date of the taking was April 8, 1969. The ex-

pert witness for the defendant testified that there were no center pivot irrigation systems operating in Lancaster County, Nebraska, in 1969 and that adaptability of land to irrigation by a center pivot system was not a factor that was considered in the buying and selling of land at that time. There was evidence that part of the land is suited for gravity-type irrigation and that other parts can be irrigated by a gun-type system.

The value of property includes its value for any reasonable use to which it may be put. Harmony Lanes v. State, 192 Neb. 826, 229 N. W. 2d 203. Before a particular use may be considered there must be a basis for concluding that the use would affect the market value of the land in the mind of a good faith intending purchaser at the time of the taking. The adaptability for uses which may be considered must be so reasonably probable and so reasonably expected in the immediate future as to affect the market value of the land at the time the land is taken or damaged. Leffelman v. City of Hartington, 173 Neb. 259, 113 N. W. 2d 107.

The evidence here was such that the trial court could conclude that the effect of the taking on the landowner's ability to use a center pivot irrigation system on the land was not an element to be considered in determining the amount of damages resulting from the taking.

The judgment of the District Court is affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent from the marjority opinion herein because I feel the condemnation award is wholly inadequate. When a public utility condemns an easement diagonally across the property of a landowner to save expenses for the utility, it should be required to pay an adequate sum to fully compensate the landowner.

A diagonal easement seriously restricts the use

the landowner can make of his land in the future. In most instances the damage sustained by the landowner is greater than the extra expense the utility would incur if it were to run its easement in a straight line along the boundaries of the land of the condemnee.