# LEWIS *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MISSOURI.

No. 202.   Motion to dismiss or affirm submitted February 28, 1910.—
Decided March 14, 1910.

One cannot complain until he is made to suffer, nor can one appeal from an order dismissing him from custody.

Where the indictment has been dismissed and no new indictment has been returned for the same offense and the statutory period of limitations has elapsed, the question whether accused was entitled under the Constitution to a speedy trial becomes a moot one, and a writ of error to review an order dismissing the indictment under such circumstances will be dismissed.

THE facts are stated in the opinion.

*Mr. Shepard Barclay* and *Mr. Thomas T. Fauntleroy* for the plaintiff in error.

*The Attorney General, The Solicitor General,* and *Mr. Assistant Attorney General Harr* for the defendant in error.

*Per Curiam.*   Lewis was indicted December 1, 1905, in the District Court of the United States for the Eastern District of Missouri, charged with depositing certain letters in a post-office of the United States in pursuance of a scheme to defraud, in violation of § 5480 of the Revised Statutes.

General orders continuing all pending criminal cases were thereafter entered at each term until November 5, 1907, when plaintiff in error, defendant below, moved for a discharge from the accusations of the indictment upon the ground that his right to a speedy trial had been denied. The court ordered that unless the cause should be proceeded with at that term the motion would be sustained, but later all pending criminal cases were again continued by general order.

At the following May term defendant below again filed a motion to discharge and the United States Attorney asked leave to enter a *nolle prosequi*. Defendant's motion was overruled and the *nolle prosequi* entered, releasing and discharging defendant from further prosecution upon the indictment. A motion to set aside the *nolle prosequi* was made and overruled, and this writ of error direct to this court sued out under § 5 of the act of March 3, 1891.

It thus appears that this is an appeal by a person indicted for crime from an order of the court releasing and discharging him from further prosecution under the indictment. Plaintiff in error could not complain until he was made to suffer, *Lloyd* v. *Dollison,* 194 U. S. 445, and when discharged from custody he is not legally aggrieved and therefore cannot appeal. *Commonwealth* v. *Graves,* 112 Massachusetts, 282; *Anglo-American Prov. Co.* v. *Davis Prov. Co.,* 191 U. S. 376.

The indictment having been dismissed, the question as to plaintiff in error's constitutional right to a speedy trial is not involved in such a real sense as to give this court jurisdiction. *Lampasas* v. *Bell,* 180 U. S. 276, 284. Plaintiff in error was indicted December 1, 1905, for certain violations of § 5480 of the Revised Statutes, alleged to have been committed on the first day of February, 1904. That indictment having been *nolle prossed* and no new indictment appearing to have been returned against him within three years from the date of the commission of the alleged offenses, or, if returned, to be still pending, it is manifest that he has been discharged by the Statute of Limitations and that this case in the circumstances disclosed has become merely a moot case.

*Writ of error dismissed.*