STATE OF NEBRASKA, APPELLANT, V. RAYMOND M. BERRY ET AL., APPELLEES.

224 N. W. 2d 767

Filed January 2, 1975. No. 39472.

Robert G. Simmons, Jr., for appellant.

C. F. Fitzke, pro se.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This case was consolidated for argument before this court with the case of Kovarik v. County of Banner, No. 39469, as both cases involve similar questions of law. Neither of the appellees filed briefs in these actions, and an argument before this court was conducted by the appellant, County of Banner, on its briefs in the respective cases. We have concluded that we should write separate opinions in these cases for reasons which will hereinafter be made apparent.

In this case defendants Raymond M. Berry and Alfonso Reyes Alvarez, charged with the commission of felonies, made application for court-appointed counsel. In support of those applications, affidavits of financial status were filed by the defendants. Counsel was appointed to represent them pursuant to section 29-1804.06, R. S. Supp., 1972. Trial of the matter resulted in an acquittal of both defendants. Thereupon, defense counsel made application, pursuant to section 29-1804.12, R. S. Supp., 1972, for the allowance of reasonable attorney's fees and expenses. Objections to that application were filed on behalf of the county. Those objections asserted, among other things, that section 29-1804.12, R. S. Supp., 1972, was unconstitutional. A hearing on those objections was held by the District Court and the matter taken under advisement. Subsequently, the District Court issued an order finding section 29-1804.12, R. S. Supp., 1972, to be constitutional, fixing a reasonable value of the attorney's services at $375, and finding the amount of expenses to be $17.18. A notice of intention to appeal from that order was filed by the county and that appeal has been prosecuted to this court, raising again the issues of the constitutionality of section 29-1804.12, R. S. Supp., 1972. In particular, the county asserts that section to be in violation of Article III, section 14 and/or Article VIII, section 1A, of the Constitution of Nebraska.

We appreciate the importance of the issues raised by the county, but are of the opinion that those issues are not now properly before the court in this case. We have therefore concluded that this appeal must be dismissed.

It is clear that the county was not a party to the proceedings in the court below. Those proceedings were criminal proceedings, instituted and carried out in order to determine the guilt or innocence of the accused parties. This appeal by the county was taken in that criminal case.

It is a general rule that the right to appeal in criminal cases can be exercised only by the party to whom it is given; and generally only a person aggrieved or injured by a judgment may take an appeal from it. 24 C. J. S., Criminal Law, § 1658, p. 1027; 4 Am. Jur. 2d, Appeal & Error, § 267, p. 761. The subject of review of judgments in criminal cases is covered by Chapter 29, article 23, Reissue Revised Statutes of Nebraska, 1943, and Supplements thereto, including also section 25-1912, R. R. S. 1943, which contains certain provisions as to the procedure to be employed to perfect an appeal in both civil and criminal actions. It is clear from a review of the Nebraska statutes above-cited that only one convicted of an offense has a right to appeal to this court in a criminal matter, with the possible exception that under certain circumstances the county attorney is given a right to appeal for matters occurring during the trial. There is no statutory authority contained therein for an appeal by a county from an order of the court in connection with a criminal case awarding attorney's fees to an attorney for an indigent defendant, even though a statute of this state requires the county to pay such fees. The proper way to raise such an issue on appeal would be as was done by appellant in the companion case of Kovarik v. County of Banner, No. 39469, previously referred to. In that case the attorney filed a claim with the county board for such fees and expenses which claim was disallowed. He thereafter perfected his appeal to District Court, which, after a hearing, ordered the county to pay the attorney for his services in the matter. An appeal was taken to this court from that order.

Section 29-1804.12, R. S. Supp., 1972, provides as follows: "Appointed counsel for an indigent felony defendant other than the public defender shall apply to the district court which appointed him for all expenses reasonably necessary to permit him to effectively and competently represent his client and for fees for serv-

ices performed pursuant to his appointment. The court, upon hearing the application, shall fix reasonable expenses and fees, and the county board shall allow payment to counsel in the full amount determined by the court." Our interpretation of the foregoing statute is that under it, the court, in effect, makes findings as to the reasonable expenses and fees of appointed counsel, which, according to the statute, the county board is obligated to pay. However, we do not construe that statute as empowering the District Court to enter a formal judgment against the county at that time for the amount of fees and expenses found to be owing. Section 25-1301, R. R. S. 1943, states: "A judgment is the final determination of the rights of the *parties* in an action." (Emphasis supplied.) See, also, Keller v. State, 184 Neb. 853, 172 N. W. 2d 782 (1969). Since the county was not a party to the criminal action against the defendants in this case, it goes without saying that the court could not enter a legal judgment against the county, and that the procedure suggested above is the correct procedure to be followed.

While we have found no Nebraska cases squarely on point, we note that our neighboring State of Iowa had a similar problem before it in the case of State v. Schmidt, 259 Iowa 972, 145 N. W. 2d 631 (1966). In that case the Supreme Court of Iowa held that the attorney for the defendant in a criminal prosecution was not a party of record and had no right of appeal from an order setting his attorney's fee. We quote from that opinion: "On March 23, 1966; defendant's attorney, Paul D. Lunde, filed a 16-page verified application for counsel fees to February 9, 1966, including services rendered in Schmidt v. Uhlenhopp, 258 Iowa 771, 140 N. W. 2d 118. He claimed $4812.50 as fees plus $141.03 expenses.

"Section 775.5, Code 1962, as amended by chapter 449, Laws of the Sixty-first General Assembly, provides an attorney appointed by the court to defend any person charged with a crime shall be entitled to reasonable

compensation to be decided in each case by the court. It also authorizes allowance of a sum or sums as the court may determine are necessary for investigation in the interests of justice and costs necessary for a transcript and printing in event of appeal.

"Defense counsel's claim was submitted on his application as filed. On April 21, 1966, the trial court entered a written ruling on the application finding a reasonable attorney fee to be $950 and ordered the county auditor of Story County to pay Mr. Lunde that amount plus $141.03 as necessary expenses.

"Defendant's counsel has attempted in this case to appeal from that allowance and order. Neither he nor Story County are parties herein. His claim the trial court erred in the amount allowed does not go to an affirmance or reversal of defendant's conviction. The order was not adverse to defendant. It is an attempt to appeal by the attorney who is not a party herein. This cannot be done. Garberson v. Garberson, 241 Iowa 713, 714, 42 N. W. 2d 391, 392 and citations; State v. Lundstedt, 246 Iowa 355, 67 N. W. 2d 450. Defense counsel's contention is not properly before us." See, also, State v. Lundstedt, 246 Iowa 355, 67 N. W. 2d 450 (1954); State v. Fair, 35 Wash. 127, 76 P. 731 (1904).

We conclude, therefore, that under the circumstances of this case the county may not be regarded as being a party entitled to bring an appeal to this court pursuant to section 25-1912, R. R. S. 1943; and, therefore, this appeal must be dismissed.

APPEAL DISMISSED.