STATE OF NEBRASKA, APPELLEE, V.
SPORTS COURIERS, INC., AND JERRY SUBJECT,
APPELLANTS.

313 N.W.2d 447

Filed December 11, 1981.   No. 44080.

Mark D. Theisen of Berens & Associates and Richard J. Bruckner for appellants.

Herbert M. Fitle, Omaha City Attorney, Gary P. Bucchino, Omaha City Prosecutor, and Richard L. Dunning, Omaha Assistant City Prosecutor, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

In September 1978 the defendants, Sports Couriers, Inc., and Jerry Subject, were charged in the municipal court of Omaha with violation of § 25.77.020, Ord. 24314, § 1, Omaha Municipal Code. This section declares it to be unlawful for any person "knowingly to gamble, offer to gamble, or provide facilities for gambling." The municipal court found and determined that the actions of the defendants in receiving money to be carried to Las Vegas and there placed as bets did not amount to providing gambling facilities, and dismissed all charges pending against the defendants. The State of Nebraska, through the offices of the Omaha city attorney, prosecuted an appeal to the District Court as provided for in Neb. Rev. Stat. § 29-2317 (Reissue 1979). The matter was submitted to the District Court, and on January 7, 1981, Judge Caniglia entered an order that "I disagree with the Lower Court's finding that the activities of the defendants are not gambling within the meaning of the City ordinances . . . ." The defendants have perfected their appeal to this court. We dismiss the appeal.

Section 29-2317 provides in part: "(1) A prosecuting attorney, including any . . . city attorney . . . may take exception to any ruling or decision of the municipal . . . court . . . by presenting to the court a notice of intent to take an appeal to the district court . . . ." Neb. Rev. Stat. § 29-2319 (Reissue 1979) provides: "(1) The judgment of the court in any action taken under the provisions of sections 29-2317 and 29-2318 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy . . . . (3) When the district court affirms the final order of the trial court, the prosecuting attorney may take exception to the decision of the district court in the manner provided by sections 29-2315.01 to 29-2316." The only reference in the whole of Chapter 29, article 23, of the Nebraska Revised Statutes to a person other than a prosecuting attorney having the right to appeal under those sections is found in Neb. Rev. Stat. § 29-2301 (Reissue 1979). That section provides in part: "When a person *shall be convicted of an offense* . . . the court may . . . give the person so convicted an opportunity to apply for such writ [of error]." (Emphasis supplied.) The defendants contend and the State concedes in its brief that the prosecution in this instance was a criminal action, thus barring appeal or refiling of the same charges under the double jeopardy provisions of both the state and federal Constitutions. Therefore, the defendants are not "persons convicted of an offense" so as to qualify them to seek a writ of error under the provisions of § 29-2301.

The general appeal procedure is found in Neb. Rev. Stat. §§ 25-1911 et seq. (Reissue 1979). Section 25-1911 provides: "A judgment rendered or final order made by the district court may be reversed, vacated or modified by the Supreme Court for errors appearing on the record." However, in *State v. Berry*, 192 Neb. 826, 224 N.W.2d 767 (1975), we held that as a general rule the right to appeal in a criminal case can only be exercised by the party to whom it is given, and generally only a person aggrieved or injured by a judgment may

take an appeal from it.

In *Lewis v. United States*, 216 U.S. 611, 30 S. Ct. 438, 54 L. Ed. 637 (1910), the court held that a person who has been released and discharged from further prosecution under a complaint is not legally aggrieved and therefore cannot appeal. So far as such a person's standing to appeal is concerned, it makes no difference whether the dismissal still leaves him open to further prosecution for future violations. *Parr v. United States*, 351 U.S. 513, 76 S. Ct. 912, 100 L. Ed. 1377 (1956).

The only case which we have decided involving an appeal by a defendant to this court following an appeal by the prosecuting attorney to the District Court under § 29-2317 is *State v. McDermott*, 200 Neb. 337, 263 N.W.2d 482 (1978). Although the issue of standing was not discussed in the majority opinion, some of its language is helpful, and the dissenting opinion by Boslaugh, J., is directly in point. There the defendant had been convicted in county court and sentenced to 6 months in jail, with a condition attached. Five days after the defendant was committed to jail, he filed a motion for modification of the sentence, and 4 days later the county court granted the motion and sentenced him to probation for a period of 1 year with a condition that he serve 89 days in jail. On appeal to the District Court by the county attorney under § 29-2317, that court found that the county court had no authority to review or change the sentence and reinstated the original sentence. We held that because the defendant had been placed legally in jeopardy in the county court the decision of the District Court would only govern future cases and not the defendant in this case. We went on to point out that because the defendant had served all jail and probation time ordered, the amended judgment of the county court had been fully executed and the "defendant cannot be adversely affected by this appeal."

The distinguishing feature of *McDermott*, however, is that the effect of the judgment in District Court was to order him to serve the balance of 6 months in jail,

and therefore he certainly was aggrieved or injured by that judgment and would have standing to appeal. In the instant case, no such judgment was entered which aggrieved the defendants.

Applying all the foregoing rules to the facts of this case, we believe that there is no provision for an appeal by a defendant in a proceeding under § 29-2317, because the proceeding has no effect on the rights of a defendant who has been placed in jeopardy.

The defendants had no standing to appeal the judgment of the District Court, and therefore this appeal is dismissed.

APPEAL DISMISSED.