WILLIAM W. GRIFFIN, APPELLEE, V.
LEWIS L. VANDERSNICK, APPELLANT.

316 N.W.2d 299

Filed February 19, 1982. No. 43721.

James Widtfeldt for appellant.

William W. Griffin, pro se.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

The defendant, Lewis L. Vandersnick, has appealed from an order of the District Court which sustained plaintiff William W. Griffin's motion for summary judgment and entered judgment in the amount of $6,000. Vandersnick has alleged 16 assignments of error. We consider as germane to this appeal only the one which disputed the absence of any material factual question. We reverse.

This was an action brought by Griffin, an attorney, seeking to recover a fee of $6,000 from his former client, Vandersnick, for services rendered in a marriage dissolution proceeding. The petition alleges that in the dissolution action a written settlement agreement was executed by both Vandersnick and his spouse, and also signed by the lawyers, which, among other things, set forth that the fair and reasonable value of the legal

services rendered by each attorney, including Griffin, to the respective parties was $6,000 each, which should be paid from a marital joint bank account. The petition goes on to allege that the District Court entered a decree which found that $6,000 was a fair and reasonable fee in each instance, and ordered that said fees be paid from the joint bank account, and a further order which found that the fees had not been paid, and directed the parties to do so.

Vandersnick's answer and cross-petition, consisting of 8 pages and 41 paragraphs, was eventually filed. The only real defense which can be gleaned from the pleadings is that Vandersnick, although admitting the signing of the agreement, claims to have done so as a result of undue influence brought to bear upon him by Griffin, and therefore his agreement to pay that amount was not voluntarily made.

At the hearing on Griffin's motion for summary judgment, the complete file in both the dissolution action and this action was introduced in evidence and made a part of the bill of exceptions. The only portions of the dissolution file relevant to Griffin's theory of recovery would be the settlement agreement and the two judicial orders from the dissolution proceeding. The pleadings from the present action were a part of the transcript and duplicate copies were not necessary to be offered in evidence.

Vandersnick, through counsel, attempted to resist the motion for summary judgment by making several offers of proof. These offers involved claims that he had been overreached by his counsel in that at the time of signing the fee agreement he was subjected to unreasoned decisions and that therefore there was no meeting of the minds as to the amount of the fees. Upon objection by Griffin, the District Court sustained the objections on the basis that this was a collateral attack on a judgment in the dissolution action which had become final.

It appears to have been the theory of the trial court

that its decree approving the property settlement and the reasonableness of the fees, and its later order directing that the parties pay such fees, constituted a final judgment in favor of Griffin, not a party to the action; hence the court's ruling that the offer of evidence was an attempt to collaterally attack a final judgment.

Was this a final judgment in favor of Griffin? We believe not. As a general rule, an award of attorney fees made in favor of a litigant belongs to the litigant and not to the attorney who performed the services. *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980).

However, it seems apparent to us that no "award" of fees was made in this case in any event. The trial court merely ordered that court costs, including attorney fees, be paid out of a joint bank account and found that $6,000 was a fair and reasonable attorney fee in each instance. The court did, by subsequent order, direct that the fees be paid. If the District Court had the authority to enter such an order, it was correct in refusing to allow the introduction of evidence to support a collateral attack on that order. However, a judgment entered without jurisdiction of the subject matter or in excess of the court's power is void and may be collaterally attacked. *State v. Simants*, 194 Neb. 783, 236 N.W.2d 794 (1975).

In *O'Neill v. O'Neill*, 164 Neb. 674, 83 N.W.2d 92 (1957), fees were fixed for the attorneys for both parties to be paid out of a savings account which represented an accumulation of the savings of both parties, but which stood in the name of the plaintiff's wife. In reversing that judgment, we considered three points. First, we declared that there was neither statutory nor decisional authority to allow an attorney fee in favor of a husband. Secondly, we said that to direct that the fees be paid out of a fund standing in the wife's name alone "would in actuality be to transfer to the defendant [wife] the obligation imposed by the court upon the plaintiff [husband] pursuant to the provisions of section 42-308, R.R.S. 1943, to pay fees for the attorneys for the

defendant. No provision of statute and no decision has been cited or found permitting this to be done." *Id.* at 678, 83 N.W.2d at 94. Finally, we said: "If it be assumed that it was the intention of the court to fix the fees of the defendant's own attorneys and to render judgment in their favor against her in this action for divorce and to order satisfaction out of her property the action of the court in so doing must be regarded as being without authority of law. . . . No legislation has been enacted by the Legislature of this state granting the power involved in this assumption. In *Nickerson v. Nickerson*, 152 Neb. 799, 42 N.W.2d 861, it was said: 'There is no authority for a court, in a divorce action, to fix the amount of the attorney fees each party is to pay their respective attorneys.'" *Id.* at 678-79, 83 N.W.2d at 94-95.

Since *O'Neill*, the Legislature has enacted the so-called no fault divorce law, which became effective on July 6, 1972. Neb. Rev. Stat. § 42-351 (Reissue 1978) provides in part that "In proceedings under sections 42-347 to 42-379, the court shall have jurisdiction to inquire into such matters . . . and render such judgments and make such orders . . . as are appropriate concerning . . . the settlement of the property rights of the parties, and the *award* of costs and attorneys' fees." (Emphasis supplied.) We believe that such legislation removed the prohibition against awarding fees in favor of the husband and against the wife, but we cannot read into that same legislation authority for a court to fix the amount of attorney fees which the parties are to pay their respective attorneys.

Accordingly, we believe that the court's orders, insofar as they purported to "award" an attorney fee in favor of Griffin and against Vandersnick, were without authority and were subject to collateral attack. Therefore, the court's rulings on Vandersnick's offers of proof were erroneous.

Although the settlement agreement constituted competent evidence that a fee agreement had been

reached, Vandersnick's claim that such agreement was not voluntary on his part left open a material question of fact. Summary judgment should not have been granted.

The judgment of the District Court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.