STATE OF NEBRASKA, APPELLEE, V. VAL CUSHMAN, APPELLANT.
589 N.W. 2d 533

Filed February 26, 1999.   No. S-98-815.

William G. Line for appellant.

Don Stenberg, Attorney General, and Amber Fae Herrick for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Val Cushman, the appellant, was convicted of operating a motor vehicle while intoxicated, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1993). Cushman now appeals the judgment and sentence, alleging that § 60-6,196 violates the separation of powers clause of Neb. Const. art. II, § 1, and that Neb. Rev. Stat. § 60-6,205 (Cum. Supp. 1996) violates the special legislation clause of Neb. Const. art. III, § 18. For the reasons stated herein, we affirm.

## FACTUAL BACKGROUND

Cushman was arrested on January 26, 1998, after an officer of the Fremont Police Department observed Cushman driving at night without his vehicle's headlights fully activated. The officer stopped the vehicle and conducted several sobriety tests, on which Cushman performed poorly. Cushman then failed a preliminary breath test and was arrested and taken to the Fremont Police Department, where he submitted to a chemical breath test. The results of that test showed .130 grams of alcohol per 210 liters of breath.

Cushman was charged in the county court for Dodge County with operating a motor vehicle while intoxicated, in violation of § 60-6,196. Cushman moved to quash the proceedings, alleging

that § 60-6,196 violated the separation of powers clause and that § 60-6,205 violated the special legislation clause. The county court denied Cushman's motion to quash. The matter proceeded to trial on stipulated facts, and Cushman was convicted of driving while under the influence of alcohol, in violation of § 60-6,196. Cushman was given an alcohol assessment as part of the presentence investigative process. Thereafter, Cushman was sentenced to 6 months' probation.

Cushman appealed to the district court, claiming that the county court erred in denying his motion to quash. After a hearing, the district court affirmed the judgment and sentence of the county court. Cushman timely appealed, and his appeal was removed to the Nebraska Supreme Court docket pursuant to our authority to regulate our docket and that of the Nebraska Court of Appeals.

## ASSIGNMENTS OF ERROR

Cushman alleges that the courts below erred in not finding (1) § 60-6,196 to be in violation of the separation of powers clause of Neb. Const. art. II, § 1, or (2) § 60-6,205 to be in violation of the special legislation clause of Neb. Const. art. III, § 18.

## STANDARD OF REVIEW

Whether a statute is constitutional is a question of law, with respect to which an appellate court has an obligation to reach a conclusion independent of that of the trial court. *State v. Divis, ante* p. 328, 589 N.W.2d 537 (1999); *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998).

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court; determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999); *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998).

## ANALYSIS

### SEPARATION OF POWERS

Cushman alleges that § 60-6,196 violates the separation of powers clause, because § 60-6,196(8) provides:

Any person who has been convicted of driving while intoxicated for the first time or any person convicted of driving while intoxicated who has never been assessed for alcohol abuse shall, during a presentence evaluation, submit to and participate in an alcohol assessment. The alcohol assessment shall be paid for by the person convicted of driving while intoxicated. At the time of sentencing, the judge, having reviewed the assessment results, may then order the convicted person to follow through on the alcohol assessment results at the convicted person's expense *in lieu of or in addition to any penalties deemed necessary.*

(Emphasis supplied.)

Cushman argues that this provision represents an unconstitutional delegation of legislative authority, alleging that it empowers the judiciary to set the minimum sentence for driving while intoxicated. We confronted this issue in *State v. Divis, ante* at 335, ___ N.W.2d at ___, and held that

§ 60-6,196(8) is harmonious with other sentencing provisions relating to [driving while intoxicated]. . . . There was no improper delegation by the Legislature in placing sentencing alternatives for persons convicted of [driving while intoxicated], first offense, and for persons convicted of [driving while intoxicated] who have not been assessed for alcohol abuse, within the judicial branch in general and at the discretion of the sentencing court in particular.

For the reasons set forth in *State v. Divis, supra,* we conclude that Cushman's first assignment of error is without merit.

SPECIAL LEGISLATION

Cushman next claims that § 60-6,205 violates the prohibition on special legislation found in Neb. Const. art. III, § 18. Cushman's argument also depends upon Neb. Rev. Stat. § 60-6,197(2) (Cum. Supp. 1996), which provides, in relevant part:

Any peace officer who has been duly authorized to make arrests for violations of traffic laws of this state or of ordinances of any city or village may require any person arrested for any offense arising out of acts alleged to have been committed while the person was driving or was in

actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs to submit to a *chemical test or tests of his or her blood, breath, or urine* for the purpose of determining the concentration of alcohol or the presence of drugs in such blood, breath, or urine . . . .

(Emphasis supplied.)

It is further provided in § 60-6,205(3):

If a person arrested pursuant to section 60-6,197 submits to the *chemical test of blood or breath* required by that section and the test discloses the presence of alcohol in any of the concentrations specified in section 60-6,196, the arresting peace officer, as agent for the [Director of the Department of Motor Vehicles], shall verbally serve notice to the arrested person of the intention to immediately impound and revoke the operator's license of such person and that the revocation will be automatic thirty days after the date of arrest unless a petition for hearing is filed within ten days . . . . The arresting peace officer shall immediately forward to the director a sworn report stating (a) that the person was validly arrested pursuant to section 60-6,197 and the reasons for such arrest, (b) that the person was requested to submit to the required test, and (c) that the person submitted to a test, the type of test to which he or she submitted, and that such test revealed the presence of alcohol in a concentration specified in section 60-6,196.

(Emphasis supplied.)

Cushman points out that an arresting officer can require a driver to submit to a test of his or her blood, breath, or urine, but that by the plain language of the statute, the officer need report only the results of a blood or breath test to the Director of the Department of Motor Vehicles. Cushman argues that because § 60-6,205 provides different treatment for those drivers who submit to urine tests, it is special legislation as prohibited by Neb. Const. art. III, § 18.

We note, however, that § 60-6,205 is part of Nebraska's statutory scheme for administrative license revocation (ALR). This court has determined that proceedings under § 60-6,205 are not criminal proceedings, but are instead civil proceedings that may

result in a civil sanction. See *State v. Howell*, 254 Neb. 247, 575 N.W.2d 861 (1998). The ALR statutes and the criminal statutes present entirely distinct mechanisms for enforcement, adjudication, and appeal. Compare § 60-6,196 and Neb. Rev. Stat. §§ 60-682 through 60-694 (Reissue 1998) (criminal procedures) with Neb. Rev. Stat. §§ 60-6,205 through 60-6,208 (Reissue 1993 & Cum. Supp. 1996) (civil ALR procedures). Cushman is endeavoring to attack the ALR scheme, not in an appeal from an ALR, but instead in an appeal from his criminal conviction.

It is well established that a defendant is prohibited from attempting to circumvent or avoid conviction under a particular statute by asserting a constitutional challenge to another, collateral statute which is irrelevant to the prosecution. *State v. Torres*, 254 Neb. 91, 574 N.W.2d 153 (1998). Accord, *State v. Fellman*, 236 Neb. 850, 464 N.W.2d 181 (1991); *State v. Monastero*, 228 Neb. 818, 424 N.W.2d 837 (1988). See, also, *Dennis v. United States*, 384 U.S. 855, 86 S. Ct. 1840, 16 L. Ed. 2d 973 (1966).

Standing to challenge the constitutionality of a statute under the federal or state Constitution depends upon whether one is, or is about to be, adversely affected by the language in question; to establish standing, the contestant must show that as a consequence of the alleged unconstitutionality, the contestant is, or is about to be, deprived of a protected right. *Ponderosa Ridge LLC v. Banner County*, 250 Neb. 944, 554 N.W.2d 151 (1996); *Metropolitan Utilities Dist. v. Twin Platte NRD*, 250 Neb. 442, 550 N.W.2d 907 (1996).

While the ALR provisions and criminal prohibition against driving under the influence of alcohol relate to the same subject matter, the validity of § 60-6,205 is completely irrelevant to the instant case, which presents Cushman's appeal from his conviction for violating § 60-6,196. The record in this case contains only a passing reference to an ALR proceeding, and that reference indicates that the revocation of Cushman's license was, at the time of his sentencing in this case, being addressed in a separate appeal from that presented here. The record in the instant case does not demonstrate that the operation of § 60-6,205 is

depriving or is about to deprive Cushman of any constitutionally protected right.

Given these circumstances, it is clear that Cushman lacks standing to challenge § 60-6,205 in his present appeal. Cushman is attempting to attack his criminal conviction by collaterally attacking a statute that is irrelevant to his prosecution in the instant case. The county court correctly overruled Cushman's motion to quash, and the district court did not err in affirming the judgment of the county court.

## CONCLUSION

Cushman's assignments of error are without merit, and the judgment of the district court is affirmed.

AFFIRMED.