IN RE INTEREST OF WILLIAM G., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. WILLIAM G., APPELLANT.

592 N.W. 2d 499

Filed April 23, 1999. No. S-98-690.

Martin G. Cahill, Dakota County Public Defender, on brief, for appellant.

Mark L. Andrews, Deputy Dakota County Attorney, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

This is an appeal from the commitment of a juvenile, William G., to the Youth Rehabilitation and Treatment Center (Center) at Kearney, Nebraska. This appeal questions the trial court's appointment of a public defender in a juvenile case, claiming it is not statutorily authorized. The main issue on review is whether the appeal was properly brought before this court, thereby vesting appellate jurisdiction.

## BACKGROUND

On February 3, 1998, in the county court for Keith County, Nebraska, William was charged with possession of stolen property, a Class III felony. During his arraignment, William requested court-appointed counsel. On February 13, William appeared in court with his attorney, Edward Steenburg, and requested that the matter be transferred to Keith County Juvenile Court. The court granted the transfer to juvenile court and allowed the felony complaint to serve as the petition in the juvenile court proceeding. The Keith County Court, sitting as a

juvenile court, accepted William's admission of the allegations contained in the complaint and ordered "a predispositional report to be completed by the District 9 Probation Office." On March 25, prior to disposition, the case was transferred to the juvenile court of Dakota County.

Although there is nothing in the record indicating when Martin Cahill, the Dakota County Public Defender, was appointed to the case in the Dakota County Juvenile Court, on April 8, 1998, Cahill filed a motion to withdraw from the representation of the "[n]atural parents [sic]." In support of this motion, Cahill stated that "the office of the public defender is governed by Neb. Rev. Stat. § 23-3401 (Reissue [1997]), and that . . . specifically [Neb. Rev. Stat.] § 23-3402 [(Reissue 1997)] makes no mention of appointment of the office of the public defender in juvenile cases." However stated, it is clear from the record and the acknowledgment of the parties at oral argument that Cahill was requesting relief from the representation of William. On April 9, the motion was denied, with the notation that the "Court finds *this defendant* is an indigent felony defendant under [§] 23-3402." (Emphasis supplied.)

On June 1, 1998, a dispositional hearing was held on behalf of William. Although both William and his natural mother were present at the hearing, Cahill entered his appearance only on behalf of "the [j]uvenile" defendant. Additionally, the county court certificate of transcript indicates that William's mother appeared pro se and that his father never appeared. The hearing was concluded with a court order entered June 1, committing William to the Department of Health and Human Services, Office of Juvenile Services, for commitment to the Center.

On June 30, 1998, Cahill filed a notice of appeal in the county court for Dakota County, giving notice that William intended to prosecute an appeal from the judgment entered on June 1. The only error William assigns in this appeal, however, is the April 9 denial of the public defender's motion to withdraw.

We removed this case to our docket pursuant to our power to regulate the Nebraska Court of Appeals' caseload and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

William's only assignment of error is that the trial court abused its discretion by denying the public defender leave to withdraw.

## STANDARD OF REVIEW

The review of appeals from juvenile proceedings is de novo on the record and thus requires a conclusion independent of the juvenile court's findings. *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998).

Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court; determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *State v. Cushman*, 256 Neb. 335, 589 N.W.2d 533 (1999); *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999); *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998).

## ANALYSIS

Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *In re Interest of Anthony G.*, 255 Neb. 442, 586 N.W.2d 427 (1998). See, also, *In re Interest of Artharena D.*, 253 Neb. 613, 571 N.W.2d 608 (1997). An appellate court may, on its own motion, examine and determine whether an appellant has satisfied the requirements for appellate jurisdiction, including the requirement of standing. *Id.* Standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *Cotton v. Steele, supra.* Only an aggrieved party can take an appeal. *Wrede v. Exchange Bank of Gibbon*, 247 Neb. 907, 531 N.W.2d 523 (1995).

We initially note that the record does not indicate whether William remains confined to the Center. However, the parties' briefs indicate that William was discharged from the Center in

August 1998 and no longer has any further contact with the Office of Juvenile Services. This was further acknowledged by the parties at oral argument.

Accordingly, standing does not exist for the reason that William is not legally aggrieved. Once the judgment, William's commitment to the Center, was fully executed, William could not be affected by this appeal. It is a general rule that only a person aggrieved or injured by a judgment may take an appeal from it. See, *In re Claim of Rehm and Faesser*, 226 Neb. 107, 410 N.W.2d 92 (1987); *State v. Sports Couriers, Inc.*, 210 Neb. 168, 313 N.W.2d 447 (1981). A person who has been released and discharged from further prosecution under a complaint is not legally aggrieved and therefore cannot appeal. See *State v. Sports Couriers, Inc., supra* (citing *Lewis v. United States*, 216 U.S. 611, 30 S. Ct. 438, 54 L. Ed. 637 (1910)). Likewise, a juvenile who has been released from commitment and no longer has any further contact with the Office of Juvenile Services is no longer legally aggrieved by a judgment of the juvenile court.

Although this appeal appears to have been taken by William, the assignment of error and the record show that in actuality this is an appeal by the office of the public defender from the juvenile court's order denying the public defender's motion to withdraw from representation. The public defender, however, is not a party to this action.

The various interests in the health and welfare of juveniles make it possible for entities and persons, other than the juvenile, to become parties in a juvenile proceeding. For purposes of an appeal in a juvenile proceeding, the Nebraska Juvenile Code delineates those persons or entities which may be considered parties and therefore have standing to appeal a judgment from a juvenile court. Neb. Rev. Stat. § 43-2,106.01 (Reissue 1998) governs appeals in juvenile proceedings and, in pertinent part, provides:

(2) An appeal may be taken by:

(a) The juvenile;

(b) The guardian ad litem;

(c) The juvenile's parent, custodian, or guardian. For purposes of this subdivision, custodian or guardian shall include, but not be limited to, the Department of Health

and Human Services, an association, or an individual to whose care the juvenile has been awarded pursuant to the Nebraska Juvenile Code; or

(d) The county attorney or petitioner, except that in any case determining delinquency issues in which the juvenile has been placed legally in jeopardy, an appeal of such issues may only be taken by exception proceedings pursuant to sections 29-2317 and 29-2319.

The record establishes that the public defender was appointed as attorney for William and acted throughout these proceedings in that capacity. Such an appointment is distinct from an appointment as a guardian ad litem. The duties and responsibilities of a guardian ad litem are not coextensive with those of an attorney. *Betz v. Betz*, 254 Neb. 341, 575 N.W.2d 406 (1998); *Billups v. Scott*, 253 Neb. 287, 571 N.W.2d 603 (1997). While an attorney serving as counsel acts in accordance with a client's wishes within the limits of the law, a guardian ad litem, generally speaking, steps into the position of the ward and, after considering the alternatives, asserts the right of the ward as the guardian ad litem sees fit. *Billups v. Scott, supra.*

It is evident the public defender does not fall within the scope of any of the statutory categories which are permitted to appeal from a judgment of the juvenile court. The public defender is not a party to a juvenile proceeding and may not claim error to an order that does not affect the disposition of William. In a somewhat analogous case, we approvingly quoted from an opinion of the Supreme Court of Iowa which held that an attorney appointed by the court for the defendant in a criminal prosecution was not a party of record and had no right of appeal from an order setting his attorney's fee. *State v. Berry*, 192 Neb. 826, 224 N.W.2d 767 (1975) (citing *State v. Schmidt*, 259 Iowa 972, 145 N.W.2d 631 (1966)). " 'His claim the trial court erred in the amount allowed does not go to an affirmance or reversal of defendant's conviction. The order was not adverse to defendant. It is an attempt to appeal by the attorney who is not a party herein. This cannot be done.' " *Id.* at 830, 224 N.W.2d at 769 (quoting *State v. Schmidt, supra*). See *In re Claim of Rehm and Faesser*, 226 Neb. 107, 410 N.W.2d 92 (1987). Although the proceeding appealed from is not a criminal prosecution, the rea-

soning is the same. In order to have standing, a litigant must assert the litigant's own legal rights and interests, and cannot rest his or her claim on the legal rights or interests of others. *Hawkes v. Lewis*, 255 Neb. 447, 586 N.W.2d 430 (1998).

The juvenile, William, does not have standing to take this appeal and neither does the public defender, Cahill. William is not legally aggrieved, and Cahill is not a party to the juvenile proceedings, nor does he have a statutory right of appeal. Accordingly, there is no right of appeal from the juvenile court's order denying the public defender leave to withdraw from the representation of William in the juvenile proceedings. Consequently, we do not reach the assignment of error in the absence of appellate jurisdiction.

Although there is no right of appeal in this action, if a judgment is entered without jurisdiction of the person or the subject matter or in excess of the court's power, it is void and may be collaterally impeached. *Griffin v. Vandersnick*, 210 Neb. 590, 316 N.W.2d 299 (1982); *State v. Simants*, 194 Neb. 783, 236 N.W.2d 794 (1975), *cert. granted sub nom. Nebraska Press Assn. v. Stuart*, 423 U.S. 1027, 96 S. Ct. 557, 46 L. Ed. 2d 401, *rev'd on other grounds* 427 U.S. 539, 96 S. Ct. 2791, 49 L. Ed. 2d 683 (1976). Where there is no adequate remedy by the ordinary course of the law, a duty is imposed upon this court to prevent violation of law by inferior tribunals. *State ex rel. Wolski v. Reed*, 146 Neb. 348, 19 N.W.2d 545 (1945). If, as the public defender argues, the district court was without jurisdiction to appoint the office of the public defender in a juvenile case, then the order was void and subject to collateral attack. See *County of Adams v. Nebraska State Bd. of Equal.*, 252 Neb. 847, 566 N.W.2d 392 (1997). The public defender had two options: (1) ignore the order or, if he wished to avoid the possibility of some effort by the court to start contempt proceedings, (2) collaterally attack the order in some manner as by mandamus or action for declaratory judgment. See, *State v. Simants, supra*; *State ex rel. Wolski v. Reed, supra* (holding that judge of district court may, if ordinary remedy is inadequate, be compelled by mandamus to vacate or set aside order or judgment granted by judge when done without jurisdiction or authority). See, also, *Albers v. Koffman*, 815 S.W.2d 484 (Mo. App. 1991) (granting public

defender's petition for writ to prohibit trial judge from carrying out court's order that public defender represent defendant in civil contempt proceeding where trial court lacked authority to appoint public defender to represent party in civil contempt proceeding); *Vela v. Dist. Court in & for Arapahoe County*, 664 P.2d 243 (Colo. 1983) (granting petition of public defender for relief in nature of mandamus and prohibition requiring court to grant motion to withdraw from representation of defendant in civil contempt proceeding where trial judge exceeded authority in appointing public defender to represent defendant in civil matters).

## CONCLUSION

For the reason that there is no standing, this case is not properly before this court, and we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

CONNOLLY, J., concurring.

I agree that the appeal must be dismissed because of lack of standing. However, I do not join in that part of the opinion discussing collateral impeachment of a judgment or other advisory aspects of the opinion. Because we have dismissed for lack of jurisdiction, any further discussion is dictum.