IN RE INTEREST OF ALYCIA P., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. CATHERINE H., APPELLANT, AND ANDRE P., APPELLEE.

603 N.W. 2d 7

Filed December 3, 1999.    No. S-98-1184.

Bruce E. Stephens for appellant.

Randy R. Stoll, York County Attorney, for appellee State.

Jane K. Brogan, guardian ad litem.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.
Catherine H. appeals from an order of the county court, sitting as a juvenile court, terminating the parental rights of Andre P. to his and Catherine's daughter, Alycia P. Catherine's parental rights were not terminated, but she contends that the portion of Neb. Rev. Stat. § 43-292.02 (Reissue 1998) enacted by 1998 Neb. Laws, L.B. 1041, is unconstitutional. Catherine further contends that the termination of Andre's parental rights deprives her of receiving child support. We granted Catherine's petition to bypass. Although Catherine's brief was submitted by both Catherine and the guardian ad litem, neither Andre nor the guardian ad litem filed a notice of appeal. Because Catherine lacks standing, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND
The instant case involves the application of L.B. 1041, now codified at § 43-292.02. Section 43-292.02 provides:

> (1) A petition shall be filed on behalf of the state to terminate the parental rights of the juvenile's parents or, if such a petition has been filed by another party, the state shall join as a party to the petition, and the state shall concurrently identify, recruit, process, and approve a qualified family for an adoption of the juvenile, if:

(a) A juvenile has been in foster care under the responsibility of the state for fifteen or more months of the most recent twenty-two months . . . .

. . . .

(3) The petition is not required to be filed on behalf of the state or if a petition is filed the state shall not be required to join in a petition to terminate parental rights or to concurrently find a qualified family to adopt the juvenile under this section if:

(a) The child is being cared for by a relative;

(b) The Department of Health and Human Services has documented in the case plan or permanency plan, which shall be available for court review, a compelling reason for determining that filing such a petition would not be in the best interests of the juvenile; or

(c) The family of the juvenile has not had a reasonable opportunity to avail themselves of the services deemed necessary in the case plan or permanency plan approved by the court if reasonable efforts to preserve and reunify the family are required under section 43-283.01.

Alycia has been placed in foster care since August 26, 1996. On May 14, 1998, the State brought a motion to hold a permanency hearing on the bases that Alycia had been in foster care for 15 or more months of the most recent 22 months and that L.B. 1041 required that a hearing be held to determine if an exception to filing a petition to terminate parental rights existed under L.B. 1041. Catherine then brought a motion to quash contending that L.B. 1041 was unconstitutional. Specifically, Catherine contended that L.B. 1041 was overbroad because it prescribed unreasonable time requirements for the placement of a juvenile in foster care, was overbroad as it applied to Alycia and Catherine, and deprived a person of procedural and/or substantive due process. The district court denied the motion.

On August 13, 1998, a hearing on the State's motion was held. The court determined that an exception existed as to Catherine under subparagraph (3)(b) of L.B. 1041, but that no exception existed as to Andre. Catherine argued that a petition to terminate Andre's parental rights should not be filed, because it would deprive Catherine and Alycia of child support. The

guardian ad litem agreed that Catherine's parental rights should not be terminated but argued that a petition should be filed to terminate Andre's parental rights.

The State next filed a supplemental petition to terminate Andre's parental rights. Catherine filed an objection on the basis that it was not in Alycia's best interests to terminate Andre's parental rights, because Alycia was deserving of support from Andre. The guardian ad litem did not join in this objection. On August 20, 1998, a review hearing was held, and the court ordered that Alycia was to remain in the full care, custody, and control of the Nebraska Department of Health and Human Services but that Catherine would have physical custody beginning August 26.

On September 3, 1998, a hearing was held on the supplemental petition to terminate Andre's parental rights. Andre attended and did not object to the termination of his parental rights. Andre further explicitly stated that he desired that his parental rights be terminated. Catherine again objected to the termination on the basis that it would deprive Alycia of support. The guardian ad litem made no objection. The trial court determined that it was in the best interests of Alycia that Andre's parental rights be terminated. As a result of the termination of his parental rights, the court found the support issue to be moot.

Catherine filed a notice of appeal. The notice did not state that the appeal was being filed on Alycia's behalf, and neither Andre nor the guardian ad litem filed a notice of appeal or signed the notice filed by Catherine. The guardian ad litem did not cross-appeal. Following the notice of appeal, however, the briefs were filed with the guardian ad litem's signature. A motion to bypass and a motion to continue were also made which listed the guardian ad litem as appearing on behalf of Alycia. We granted both motions.

## ASSIGNMENTS OF ERROR

Catherine assigns, rephrased, that the trial court erred in terminating the parental rights of Andre, in overruling Catherine's motion to quash, and in overruling Catherine's objection to the supplemental petition to terminate parental rights.

## STANDARD OF REVIEW

■ Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach an independent conclusion. *In re Interest of William G.*, 256 Neb. 788, 592 N.W.2d 499 (1999); *Cotton v. Steele*, 255 Neb. 892, 587 N.W.2d 693 (1999).

## ANALYSIS

■ The State contends that Catherine does not have standing to appeal. Neither Andre nor Alycia, by and through a next friend or guardian ad litem, filed a notice of appeal. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Interest of Artharena D.*, 253 Neb. 613, 571 N.W.2d 608 (1997). Standing is a jurisdictional component of a party's case because only a party who has standing may invoke the jurisdiction of a court. *In re Interest of William G., supra*; *Cotton v. Steele, supra.*

■ In order to have standing, a litigant must assert the litigant's own legal rights and interests and cannot rest his or her claim on the legal rights or interests of third parties. *In re Interest of Natasha H. & Sierra H., ante* p. 131, 602 N.W.2d 439 (1999). To the extent that Catherine argues that the trial court erred in terminating Andre's parental rights, she is not asserting rights of her own and, thus, lacks standing. See *In re Interest of Natasha H. & Sierra H., supra.* Catherine also assigns that the trial court erred in overruling her objection to the supplemental petition to terminate parental rights. Catherine contends that it was not in Alycia's best interests to terminate Andre's parental rights, because Alycia was deserving of support. However, only Catherine filed a notice of appeal, and she did not do so on behalf of Alycia. Although the guardian ad litem signed Catherine's brief, she approved of the termination of Andre's parental rights before the trial court and did not bring her own appeal on behalf of Alycia. We have said that a cause of action to enforce a parental duty to provide support belongs to the child. *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998). In Catherine's assignment of error regarding her objections to the supplemental petition, Catherine is

asserting the rights of Alycia instead of rights of her own. Accordingly, Catherine lacks standing on this issue.

Finally, it is a general rule that only a person aggrieved or injured by a judgment may take an appeal from it. *In re Interest of William G., supra.* Catherine argues that § 43-292.02 is overbroad because it prescribes unreasonable time requirements for the placement of a juvenile in foster care and deprives a person of due process. However, because Catherine's parental rights were not terminated, she was not injured by the denial of her motion to quash. Accordingly, we do not address Catherine's assignment of error regarding the denial of her motion to quash.

Having determined that Catherine either lacked standing or was not an aggrieved person on all of her assignments of error, we dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.