Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/16/2016 09:08 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
CHANCEY A. CORNWELL, APPELLANT.

___ N.W.2d ___

Filed September 16, 2016.    No. S-15-1040.

1. **Statutes: Appeal and Error.** Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determination reached by the trial court.
2. **Constitutional Law: Statutes.** A challenge to a statute asserting that no valid application of the statute exists because it is unconstitutional on its face is a facial challenge.
3. ____: ____. A plaintiff can only succeed in a facial challenge by establishing that no set of circumstances exists under which the act would be valid, i.e., that the law is unconstitutional in all of its applications.
4. **Constitutional Law: Statutes: Pleas: Waiver.** In order to bring a constitutional challenge to the facial validity of a statute, the proper procedure is to file a motion to quash, and all defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue.
5. **Constitutional Law: Statutes.** A motion to quash is the proper method to challenge the constitutionality of a statute, but it is not used to question the constitutionality of a statute as applied.
6. **Constitutional Law: Statutes: Pleas.** Challenges to the constitutionality of a statute as applied to a defendant are properly preserved by a plea of not guilty.

Appeal from the District Court for Lancaster County: STEPHANIE F. STACY, Judge. Affirmed.

David J. Tarrell for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

Chancey A. Cornwell was charged by information with driving under the influence and refusing to submit to a chemical test. His motion to quash was denied, and he was convicted following a jury trial. Cornwell appeals, and we affirm.

## FACTUAL BACKGROUND

On February 20, 2014, Cornwell was charged by information with driving under the influence and refusing to submit to a chemical test—in this case, a breath test. The record includes a postarrest chemical test advisement form, which noted in relevant part that the arresting officer had "the authority to direct whether the test or tests shall be of your breath, blood or urine, and may direct that more than one test be given." The arresting officer then filled out part "A" of that form: "Request for test: I hereby direct a test of your ___ blood _x_ breath ___ urine to determine the _x_ alcohol ___ drug content."

Cornwell initially pled not guilty, but later withdrew his not guilty plea and filed a motion to quash the information. As relevant to the issues on appeal, Cornwell's motion to quash alleged a facial challenge to Neb. Rev. Stat. §§ 60-6,197 and 60-6,197.03(6) (Cum. Supp. 2014), asserting that these statutes violated his rights under the Fourth Amendment to the U.S. Constitution and Neb. Const. art. I, § 7, by criminalizing the withdrawal of consent to a search and by aggravating the penalty for a crime for exercising the right to withdraw his consent to a search.

The district court denied Cornwell's motion to quash, and the case proceeded to trial. Following a jury trial, Cornwell was found guilty of driving under the influence and refusing to submit to a chemical test. He was sentenced to 2 to 5 years' imprisonment, and his license was revoked for 15 years. He

was given credit for 7 days' time served and credit for 1 year's license revocation.

## ASSIGNMENT OF ERROR

Cornwell assigns, restated, that the district court erred in denying his motion to quash.

## STANDARD OF REVIEW

[1] Regarding questions of law presented by a motion to quash, an appellate court is obligated to reach a conclusion independent of the determination reached by the trial court.[1]

## ANALYSIS

The sole issue presented by this appeal is whether the district court erred in denying Cornwell's motion to quash.

Some background is helpful. Nebraska law prohibits the operation of a motor vehicle "[w]hile under the influence of alcoholic liquor."[2] Section 60-6,197(1) provides:

Any person who operates or has in his or her actual physical control a motor vehicle in this state shall be deemed to have given his or her consent to submit to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the concentration of alcohol or the presence of drugs in such blood, breath, or urine.

In addition, the refusal to submit to a chemical test is a crime.[3] Thus, a person operating a motor vehicle in Nebraska is deemed to have consented to a chemical test, and refusing such a chemical test is a crime in the same way that driving a motor vehicle while under the influence of alcohol is a crime.

Cornwell was charged with refusing to submit to a chemical test. He argues on appeal that the district court erred in denying his motion to quash, because the chemical test sought was a search under the Fourth Amendment to the U.S.

---

[1] See *State v. Gozzola*, 273 Neb. 309, 729 N.W.2d 87 (2007).

[2] Neb. Rev. Stat. § 60-6,196(1)(a) (Reissue 2010).

[3] See § 60-6,197.

Constitution and Neb. Const. art. I, § 7, and no warrant was obtained to compel that search. Cornwell argued in his motion to quash that the consent and refusal statutes criminalized and aggravated the penalty for the charged crime based upon a driver's decision to withdraw his or her consent to a chemical test.

[2-6] A challenge to a statute asserting that no valid application of the statute exists because it is unconstitutional on its face is a facial challenge.[4] A plaintiff can only succeed in a facial challenge by establishing that no set of circumstances exists under which the act would be valid, i.e., that the law is unconstitutional in all of its applications.[5] In order to bring a constitutional challenge to the facial validity of a statute, the proper procedure is to file a motion to quash, and all defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue.[6] A motion to quash is the proper method to challenge the constitutionality of a statute, but it is not used to question the constitutionality of a statute as applied.[7] Instead, challenges to the constitutionality of a statute as applied to a defendant are properly preserved by a plea of not guilty.[8] Cornwell's challenge in this case is a facial challenge.

In the time since Cornwell filed his appeal, the U.S. Supreme Court decided *Birchfield v. North Dakota*.[9] In *Birchfield*, the Court was asked to determine whether warrantless breath and blood tests incident to arrest for drunk driving were reasonable under the Fourth Amendment. The Court made a distinction between a breath test and a blood test, finding that law

---

[4] *State v. Perina*, 282 Neb. 463, 804 N.W.2d 164 (2011).

[5] *Id.*

[6] See *State v. Kanarick*, 257 Neb. 358, 598 N.W.2d 430 (1999).

[7] See *State v. Perina, supra* note 4.

[8] *Id.*

[9] *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016).

enforcement does not need a warrant to conduct a breath test, but that a warrant is required for a blood test.

The distinction made by the Court was based upon the relative intrusiveness of the tests. A breath test does not "'implicat[e] significant privacy concerns,'"[10] because the physical intrusion is negligible,[11] the test is capable of revealing only how much alcohol is in the subject's breath,[12] and participation in the test is "not an experience that is likely to cause any great enhancement in the embarrassment that is inherent in any arrest."[13]

But the Court found a blood test to be "a different matter."[14] Blood testing requires a physical intrusion that is "significantly more intrusive than blowing into a tube."[15] And a blood specimen places in the hands of law enforcement a sample that can be preserved and from which information other than alcohol content can be extracted.[16]

Thus, under *Birchfield*, a suspected drunk driver can be subjected to a breath test without a warrant, but in order to perform a blood test on that same individual, a warrant must be secured. Moreover, where the Fourth Amendment does not require officers to obtain a warrant before demanding a breath test, the individual has no right to refuse that test. We find *Birchfield* dispositive.

In this case, Cornwell makes a facial challenge to the consent and refusal statutes. To show that these statutes are facially unconstitutional, Cornwell must show that no set of circumstances exists under which they would be valid. But, post-*Birchfield*, a warrantless breath test is reasonable and

---

[10] *Id.*, 136 S. Ct. at 2176.

[11] *Id.*

[12] *Birchfield v. North Dakota, supra* note 9.

[13] *Id.*, 136 S. Ct. at 2178.

[14] *Id.*

[15] *Id.*

[16] *Id.*

does not run afoul of the Fourth Amendment. Nor do we find that it runs counter to Neb. Const. art. I, § 7, which this court has interpreted to offer no more protection than that offered by the U.S. Constitution.[17] Thus, Cornwell cannot meet the burden imposed by his facial challenge.

In his supplemental brief, Cornwell takes issue with the postarrest chemical test advisement form used in this case, suggesting that a reasonable motorist reading that form would not be sure that only the checked test—here, a breath test and not a blood or urine test—would be given. This argument is apparently based on the portion of the form that provides that the arresting officer may direct that more than one test be given.

It is not entirely clear whether Cornwell is making a facial or as-applied challenge to the form, but we conclude that either challenge fails. If the challenge is an as-applied challenge, it fails, because the record demonstrates that the only test ever required of Cornwell was a breath test. At no time was he ever requested to submit to a blood or urine test. Cornwell cannot demonstrate that his Fourth Amendment rights were violated where the only warrantless test requested of him did not violate the Fourth Amendment.

And to the extent Cornwell makes a facial challenge to the form, it also fails. Even assuming that such a challenge would be valid as to the form, as distinguished from the consent and refusal statutes themselves, we have concluded above that a facial challenge fails, because a breath test is valid and does not violate the Fourth Amendment.

Cornwell's arguments on appeal are without merit.

## CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

STACY, J., not participating.

---

[17] See *State v. Havlat*, 222 Neb. 554, 385 N.W.2d 436 (1986).