Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/24/2017 09:08 AM CST

State of Nebraska, appellee, v.
Ricky J. McCumber, appellant.
___ N.W.2d ___

Filed February 24, 2017.    No. S-16-446.

1. **Constitutional Law: Statutes: Judgments: Appeal and Error.** The constitutionality and construction of a statute are questions of law, which an appellate court resolves independently of the conclusion reached by the lower court.

2. **Constitutional Law: Search and Seizure: Motions to Suppress: Appeal and Error.** In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination.

3. **Constitutional Law: Statutes: Presumptions.** A statute is presumed to be constitutional, and all reasonable doubts are resolved in favor of its constitutionality.

4. **Constitutional Law: Statutes: Courts: Judgments.** All challenges to the constitutionality of a statute should be heard by a full Supreme Court, and a supermajority is required to declare any statute unconstitutional, without regard to whether the challenge is facial or as-applied.

5. **Constitutional Law: Statutes.** The constitutionality of a statute presents a question of law.

6. **Constitutional Law: Statutes: Standing: Proof.** Standing to challenge the constitutionality of a statute under the federal or state Constitution depends upon whether one is, or is about to be, adversely affected by the language in question, and to establish standing, the contestant must show that as a consequence of the alleged unconstitutionality, he or she is, or is about to be, deprived of a protected right.

7. **Constitutional Law: Statutes: Words and Phrases.** A challenge to a statute asserting that no valid application of the statute exists because it is unconstitutional on its face is a facial challenge.

8. **Constitutional Law: Statutes: Proof.** A plaintiff can only succeed in a facial challenge by establishing that no set of circumstances exists under which the act would be valid, i.e., that the law is unconstitutional in all of its applications.

9. **Constitutional Law: Statutes: Pleadings: Waiver.** In order to bring a constitutional challenge to the facial validity of a statute, the proper procedure is to file a motion to quash, and all defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue.

10. **Constitutional Law: Statutes.** A motion to quash is the proper method to challenge the constitutionality of a statute, but it is not used to question the constitutionality of a statute as applied.

11. **Constitutional Law: Statutes: Pleas.** Challenges to the constitutionality of a statute as applied to a defendant are properly preserved by a plea of not guilty.

12. **Constitutional Law: Search and Seizure.** The Fourth Amendment to the U.S. Constitution guarantees against unreasonable search and seizure.

13. **Appeal and Error.** An appellate court does not consider errors which are argued but not assigned.

Appeal from the District Court for Wayne County: James G. Kube, Judge. Affirmed in part, and in part vacated and remanded with directions.

George T. Babcock, of Law Offices of Evelyn N. Babcock, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Kelch, J.

## I. INTRODUCTION

Ricky J. McCumber appeals following his convictions and sentences for refusing to submit to a chemical test, refusing to

submit to a preliminary breath test (PBT), and driving without a license. He challenges the constitutionality of Neb. Rev. Stat. §§ 60-6,197 (Cum. Supp. 2016) and 60-6,197.04 (Reissue 2010). In accordance with *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), we conclude that § 60-6,197 is unconstitutional as applied to McCumber. However, we reject McCumber's remaining assignments of error. Consequently, we affirm in part, and in part vacate and remand to the district court with directions.

## II. BACKGROUND

### 1. Pretrial Proceedings

On November 22, 2013, the State charged McCumber with aggravated driving under the influence (DUI), refusing to submit to a chemical test, refusing to submit to a PBT, and driving without a license. (The State ultimately dismissed the DUI charge on its own motion.)

Prior to trial, McCumber filed a motion to quash the charges for refusing to submit to a chemical test under § 60-6,197 and refusing to submit to a PBT under § 60-6,197.04. He asserted that both statutes were facially invalid in that they violated the U.S. and Nebraska Constitutions by conditioning the privilege of driving a motor vehicle upon drivers' consenting to warrantless searches.

The district court held a hearing on the motion to quash and denied it with respect to both offenses. The district court found that McCumber had failed to meet his burden to establish that either statute was facially invalid. That is, McCumber failed to demonstrate that there was "no set of circumstances under which the statutes he addresses would be valid." The district court did not address *Birchfield v. North Dakota, supra*, or our opinion in *State v. Cornwell*, 294 Neb. 799, 884 N.W.2d 722 (2016) (applying *Birchfield* and rejecting facial challenges to consent and refusal statutes), given that neither case had been decided at the time of the district court's ruling in this case.

Prior to trial, McCumber also filed three motions to suppress. The first motion sought suppression of any and all items seized from McCumber, his vehicle, or any other place in which McCumber had an expectation of privacy. McCumber alleged, among other things, (1) that the items were seized without reasonable suspicion or probable cause; (2) that the search and seizure violated McCumber's rights under the 4th, 5th, and 14th Amendments to the U.S. Constitution and Neb. Const. art. I, § 7; (3) that the search and seizure were not incident to a lawful arrest; and (4) that the search and seizure were not conducted pursuant to a lawfully issued warrant.

In the second motion to suppress, McCumber requested that the district court suppress any and all pretrial admissions or statements made by McCumber to law enforcement personnel. McCumber asserted that he did not waive his rights knowingly, intelligently, and voluntarily and that his statements were obtained in violation of the 4th through 6th and 14th Amendments to the U.S. Constitution and Neb. Const. art. I, §§ 7 and 12, and in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

The third motion sought to suppress all evidence seized from McCumber, including any visual and auditory observations made by law enforcement personnel, because they lacked probable cause to stop and detain him.

## 2. SUPPRESSION HEARING

At the hearing on the motions to suppress, McCumber's counsel primarily argued that in light of the U.S. Supreme Court's decision in *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013), it is unconstitutional for the State to criminalize his refusal to submit to unlawful warrantless searches in the form of the PBT and a chemical blood test or for the State to use such evidence against him at trial.

Officer Dylan Jensen of the Wayne Police Department testified that on June 8, 2013, at about 6:55 p.m., he received

information from a Nebraska State Patrol officer that McCumber's pickup was parked outside a local business. The State Patrol officer informed Officer Jensen that based on a citation he had issued previously, he knew that McCumber did not possess a valid Nebraska operator's license. Officer Jensen contacted dispatch and confirmed that McCumber's license was expired. Officer Jensen then printed off a picture of McCumber and drove to the business where McCumber's empty pickup was parked.

According to Officer Jensen, soon after he arrived, McCumber entered his pickup, engaged in a cell phone call, and began driving. Officer Jensen followed the pickup in his patrol car. After driving for a few blocks, McCumber pulled over to park on the street, swiftly exited the pickup, and started walking away, at which point Officer Jensen pulled up next to McCumber and told McCumber that he needed to speak with him.

Officer Jensen testified that when he asked for identification, McCumber provided an expired operator's license. Officer Jensen stated that as he wrote McCumber a citation for driving without a valid operator's license, he noticed that McCumber smelled of alcohol; had watery, bloodshot eyes and slurred speech; was having difficulty balancing; and repeatedly asked the same questions.

Officer Jensen testified that he asked McCumber if he had been drinking and that McCumber admitted he had consumed two alcoholic beverages just before seeing Officer Jensen. Officer Jensen asked McCumber to perform field sobriety tests, which McCumber refused to do. Next, Officer Jensen asked McCumber to submit to a PBT. McCumber refused.

Officer Jensen testified that at that point, he arrested McCumber for DUI and refusing to submit to a PBT. Subsequently, Officer Jensen transported McCumber to a hospital for a blood draw. Officer Jensen read McCumber the postarrest chemical test advisement, a copy of which was received into evidence. McCumber refused to submit to the blood draw.

Officer Jensen transported McCumber to the police department for booking and ultimately cited him for DUI, refusal to submit to a chemical test, and refusal to submit to a PBT. Officer Jensen acknowledged that a warrant was not obtained before taking McCumber to the hospital for the blood draw. He also acknowledged that it would have been feasible to obtain a warrant, but that he opted not to do so because he did not think a warrant was necessary. Officer Jensen did not recall reading McCumber his *Miranda* rights.

Following the hearing, the district court denied McCumber's motions to suppress.

Specifically, the district court found that Officer Jensen had probable cause to stop and detain McCumber. The district court further declined to suppress any of McCumber's statements, finding them all to be voluntary and lawfully obtained with no violation of McCumber's *Miranda* rights or the 4th through 6th or 14th Amendments to the U.S. Constitution. Regarding McCumber's challenge to Nebraska's statutory implied consent scheme, the district court found that Nebraska's implied consent law penalizes a suspect for refusing to submit to a chemical test only if there were "reasonable grounds" to require the test and, accordingly, that the statute authorizes a search that would be facially reasonable under the Fourth Amendment. Finally, the district court noted that in *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013), the U.S. Supreme Court cited with approval the application of implied consent laws in the United States. The district court's order did not specifically address Nebraska's PBT statute.

### 3. STIPULATED BENCH TRIAL AND VERDICT

After the district court denied McCumber's pretrial motions, the State dismissed the DUI charge and the parties agreed to proceed with a stipulated bench trial on the three remaining charges of refusing to submit to a chemical test, refusing to submit to a PBT, and driving without a license.

The State's evidence consisted of a copy of the preliminary hearing from county court, the postarrest chemical test advisement form, DVD's of McCumber's interactions with law enforcement personnel, a copy of the vehicle registration for McCumber's pickup, a copy of the citation issued to McCumber, a copy of the Department of Motor Vehicles' report of the incident, and a transcript of the suppression hearing. The district court received this evidence without objection, except for McCumber's renewal of his motion to quash and motions to suppress.

The district court found McCumber guilty of all three remaining charges. After an enhancement hearing, the district court imposed a $100 fine for refusing to submit to a PBT and sentenced McCumber to concurrent terms of 24 months' probation for the two remaining offenses of driving without a license and refusing to submit to a chemical test. This appeal followed.

### III. ASSIGNMENTS OF ERROR

McCumber assigns and argues that the district court erred by (1) determining that § 60-6,197 (the chemical test implied consent statute) is valid, facially and as applied, and does not violate the 4th, 5th, and 14th Amendments to the U.S. Constitution and article I, §§ 7 and 12, of the Nebraska Constitution; (2) determining that Nebraska statutes may condition the privilege of driving upon the waiver of rights guaranteed by the 4th, 5th, and 14th Amendments to the U.S. Constitution and article I, §§ 7 and 12, of the Nebraska Constitution, to withhold consent to a warrantless search of one's blood; and (3) determining that § 60-6,197.04 (the PBT implied consent statute) was constitutionally valid, facially and as applied, and did not conflict with the 4th, 5th, and 14th Amendments to the U.S. Constitution, and article I, §§ 7 and 12, of the Nebraska Constitution.

### IV. STANDARD OF REVIEW

[1] The constitutionality and construction of a statute are questions of law, which an appellate court resolves

independently of the conclusion reached by the lower court. *State v. Carman*, 292 Neb. 207, 872 N.W.2d 559 (2015).

[2] In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, but whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination. *State v. Rothenberger*, 294 Neb. 810, 885 N.W.2d 23 (2016).

## V. ANALYSIS

### 1. Constitutional Challenge to Chemical Test

McCumber contests his conviction and sentence for refusal to submit to a chemical test for alcohol. Nebraska's implied consent statute for chemical testing, § 60-6,197(1), provides:

> Any person who operates or has in his or her actual physical control a motor vehicle in this state shall be deemed to have given his or her consent to submit to a chemical test or tests of his or her blood, breath, or urine for the purpose of determining the concentration of alcohol or the presence of drugs in such blood, breath, or urine.

And any person who refuses to submit to a test could be found guilty of a crime and, upon conviction, punished as provided in Neb. Rev. Stat. §§ 60-6,197.02 to 60-6,197.08 (Reissue 2010 & Cum. Supp. 2016). See § 60-6,197(3). McCumber contends that the district court erred by determining that Nebraska statutes criminalizing refusal to submit to a warrantless search of one's blood are valid, facially and as applied, and do not violate the 4th, 5th, and 14th Amendments to the U.S. Constitution and article I, §§ 7 and 12, of the Nebraska Constitution.

[3-5] We begin by noting that a statute is presumed to be constitutional, and all reasonable doubts are resolved in favor

of its constitutionality. *State v. Harris*, 284 Neb. 214, 817 N.W.2d 258 (2012). All challenges to the constitutionality of a statute should be heard by a full Supreme Court, and a supermajority is required to declare any statute unconstitutional, without regard to whether the challenge is facial or as-applied. Neb. Ct. R. App. P. § 2-109(E) (rev. 2014). The constitutionality of a statute presents a question of law. *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016).

[6] Standing to challenge the constitutionality of a statute under the federal or state Constitution depends upon whether one is, or is about to be, adversely affected by the language in question, and to establish standing, the contestant must show that as a consequence of the alleged unconstitutionality, he or she is, or is about to be, deprived of a protected right. *State v. Cushman*, 256 Neb. 335, 589 N.W.2d 533 (1999). With McCumber having been convicted and sentenced pursuant to § 60-6,197, he has standing.

[7-11] A challenge to a statute asserting that no valid application of the statute exists because it is unconstitutional on its face is a facial challenge. *State v. Cornwell*, 294 Neb. 799, 884 N.W.2d 722 (2016). A plaintiff can only succeed in a facial challenge by establishing that no set of circumstances exists under which the act would be valid, i.e., that the law is unconstitutional in all of its applications. *Id*. In order to bring a constitutional challenge to the facial validity of a statute, the proper procedure is to file a motion to quash, and all defects not raised in a motion to quash are taken as waived by a defendant pleading the general issue. *Id*. But it is not used to question the constitutionality of a statute as applied. *Id*. Instead, challenges to the constitutionality of a statute as applied to a defendant are properly preserved by a plea of not guilty. *Id*. Here we have both a facial and an as-applied challenge.

### (a) Facial Challenge

McCumber argues that "[b]ecause [§] 60-6,197 compels submission to a blood test, in all cases, it is facially invalid,"

by violating the Fourth Amendment as set forth by *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016). We note that *Birchfield* had not been released prior to the trial or sentencing in this case. But with *Birchfield* pronouncing a new constitutional rule, it applies retroactively to any case on direct appeal. See *Griffith v. Kentucky*, 479 U.S. 314, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987).

[12] The Fourth Amendment to the U.S. Constitution guarantees against unreasonable search and seizure. It provides in part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." Thus, the U.S. Supreme Court has determined that "'[w]here a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant.'" *Riley v. California*, ___ U.S. ___, 134 S. Ct. 2473, 2482, 189 L. Ed. 2d 430 (2014), quoting *Vernonia School Dist. 47J v. Acton*, 515 U.S. 646, 115 S. Ct. 2386, 132 L. Ed. 2d 564 (1995). However, a warrantless search of the person has been found reasonable if it falls within a recognized exception. *Riley v. California, supra*; *Missouri v. McNeely*, ___ U.S. ___, 133 S. Ct. 1552, 185 L. Ed. 2d 696 (2013); *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009); *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966).

Prior to the opinion in *Birchfield v. North Dakota, supra*, the U.S. Supreme Court had reviewed the warrantless taking of a blood test sample in *Schmerber v. California, supra*, and found that the exigent circumstance exception may constitute grounds for a warrantless search when an emergency leaves police insufficient time to seek a warrant. In *Schmerber,* the Court found that drunk driving may represent an exigent circumstance if an officer reasonably believed that he was confronted with an emergency that left no time to seek a warrant because "the percentage of alcohol in the blood begins

to diminish shortly after drinking stops." 384 U.S. at 770. But the Court also emphasized that it based its holding on the specific facts of the case. Later, the Court affirmed the case-by-case approach to the exigent circumstance exception and held that the natural dissipation of alcohol from the bloodstream does not always constitute an exigency justifying the warrantless taking of a blood sample. See *Missouri v. McNeely, supra*.

The Court in *Birchfield* noted that the taking of a blood sample or the administration of a breath test is a search within the Fourth Amendment, which in most instances requires a warrant unless there is an exception. In *Birchfield*, the Court considered whether the search incident to arrest exception applied to breath and blood tests. The search incident to arrest exception allows for the warrantless search of a person arrested for the purposes of protecting the arresting officers and safeguarding any evidence of the offense of arrest that an arrestee might conceal or destroy. See, *Riley v. California, supra*; *Arizona v. Gant, supra*; *Schmerber v. California, supra*.

The discussion in *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), contrasted the relative levels of intrusiveness of breath and blood tests. The Court found that a breath test did not "'implicat[e] significant privacy concerns'" because the physical intrusion is negligible and is capable of revealing only how much alcohol is in the subject's breath. *Id.*, 136 S. Ct. at 2176. Further, the Court observed that participation in the test was "not an experience that is likely to cause any great enhancement in the embarrassment that is inherent in any arrest." *Id.*, 136 S. Ct. at 2177. The Court drew an opposite conclusion in regard to a blood test, which requires a physical intrusion that is "significantly more intrusive than blowing into a tube." *Id.*, 136 S. Ct. at 2178. Nor can the State rely upon implied consent laws to obtain a warrantless blood test. *Birchfield v. North Dakota, supra*.

Ultimately, in *Birchfield*, the Court concluded that a breath test and a blood test had differing compelling interests under

the Fourth Amendment. As a result, law enforcement officials do not need a warrant to conduct a breath test pursuant to a search incident to a lawful arrest for drunk driving, but a warrant is required for a blood test. See *Birchfield v. North Dakota, supra*.

Here, in addressing McCumber's facial challenge to the constitutionality of § 60-6,197, we must determine whether no set of circumstances exists under which § 60-6,197 would be valid in view of the decisions by the U.S. Supreme Court and Nebraska law. See *State v. Cornwell*, 294 Neb. 799, 884 N.W.2d 722 (2016). In part, we have already answered that question. In *Cornwell*, we rejected a facial challenge to § 60-6,197. We determined that a warrantless *breath test* is reasonable pursuant to *Birchfield* and does not violate the Fourth Amendment or Neb. Const. art. I, § 7, which this court has found does not offer any more protection than the U.S. Constitution. See *State v. Havlat*, 222 Neb. 554, 385 N.W.2d 436 (1986). Thus, in *Cornwell*, we have previously applied *Birchfield* and found that § 60-6,197 is not unconstitutional on its face in allowing breath tests, since there are circumstances under which that section is valid.

Furthermore, in regard to blood tests, *Birchfield* points to two circumstances that defeat McCumber's facial challenge. First, *Birchfield* noted that there are instances where a drunk driver could behave in such a manner as to refuse to submit to a blood test even when facing a valid warrant. The Court in *Birchfield* noted that some officials are reluctant to forcibly draw blood where the drunk driver creates a risk to law enforcement or medical personnel, which, in turn, could lead to a charge of refusal to submit to a chemical test. In this case, we are not called upon to determine whether such a situation represents a refusal, but it certainly would constitute another circumstance wherein § 60-6,197 would be valid. Second, exigent circumstances may present a situation whereby a warrantless blood test could be authorized. See *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908

(1966). Again, this issue, which would be decided on a case-by-case basis pursuant to § 60-6,197, is not before us.

Therefore, McCumber has not shown that § 60-6,197 is unconstitutional on its face, since circumstances exist under which refusal to submit to a blood test would be valid.

### (b) As-Applied Challenge

McCumber argues that as applied,

> [§] 60-6,197 violated his Fourth Amendment rights since he was directed to submit to a warrantless blood draw; no exception to the warrant requirement compelled his submission to a blood draw; and the State criminalized the assertion of his Fourth Amendment right to withhold consent to the warrantless search.

Brief for appellant at 29. Certainly, it is true that the State did not seek a warrant for McCumber's blood test, that there were no exigent circumstances set forth for a warrantless search, and that the State criminalized his refusal to consent to the blood test. Therefore, the issue is whether the State could demand a blood test as a search incident to a lawful arrest for drunk driving, as the district court found. And on this issue, the State concedes that in view of the U.S. Supreme Court's decision in *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), "§ 60-6,197 is unconstitutional as applied to McCumber, and . . . his conviction and sentence for refusing to submit to a chemical blood test in violation of § 60-6,197 should therefore be vacated." Brief for appellee at 11. We agree with the State.

In this instance, without a warrant, nor exigent circumstance, the State could only rely upon the exception of a warrantless search incident to a lawful arrest for drunk driving in order to demand a blood test from McCumber. With the U.S. Supreme Court in *Birchfield* categorically finding that the exception of a warrantless search incident to a lawful arrest for drunk driving is unconstitutional in regard to a blood test, even under an implied consent law, we find § 60-6,197

is unconstitutional as applied to McCumber. Consequently, we hereby vacate McCumber's conviction and sentence for refusing to submit to a chemical blood test in violation of § 60-6,197.

### (c) Adverse Evidentiary Inference

[13] Further, McCumber argued in his brief that "[b]y allowing admission of [McCumber's] testimonial refusal to submit a blood test that the officer could not lawfully compel, [§] 60-6,197(6), facially and as applied, offends both the Fourth and Fifth Amendments and their Nebraska counterparts." Brief for appellant at 34. However, McCumber did not assign this proposition as error. And an appellate court does not consider errors which are argued but not assigned. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015).

### 2. CONSTITUTIONAL CHALLENGE
### TO PBT

Lastly, McCumber claims that the district court erred by determining that § 60-6,197.04, Nebraska's PBT statute, was constitutionally valid, facially and as applied, and did not conflict with the 4th, 5th, and 14th Amendments to the U.S. Constitution and article I, §§ 7 and 12, of the Nebraska Constitution. Having been convicted and sentenced pursuant to § 60-6,197.04, McCumber has standing to question its constitutionally, and we consider the issue in accordance with the principles of constitutional analysis set forth above. See, *State v. Boche*, 294 Neb. 912, 885 N.W.2d 523 (2016); *State v. Harris*, 284 Neb. 214, 817 N.W.2d 258 (2012); *State v. Cushman*, 256 Neb. 335, 589 N.W.2d 533 (1999).

Section 60-6,197.04 provides:

> Any peace officer who has been duly authorized to make arrests for violation of traffic laws of this state or ordinances of any city or village may require any person who operates or has in his or her actual physical control a motor vehicle in this state to submit to a [PBT] for alcohol concentration if the officer has reasonable

grounds to believe that such person has alcohol in his or her body, has committed a moving traffic violation, or has been involved in a traffic accident. Any person who refuses to submit to such [PBT] or whose [PBT] results indicate an alcohol concentration in violation of section 60-6,196 shall be placed under arrest. Any person who refuses to submit to such [PBT] shall be guilty of a Class V misdemeanor.

McCumber asserts that § 60-6,197.04 is facially invalid because it allows a search, compelled on pain of criminal penalty, without reasonable suspicion of the commission of a crime for which evidence is sought or any showing that an exception to the warrant requirement applies. Likewise, he argues that § 60-6,197.04, as applied to him, violated his Fourth Amendment right to be free from unreasonable searches and seizures.

We dealt with a similar argument in *State v. Prescott*, 280 Neb. 96, 784 N.W.2d 873 (2010). In that case, the defendant contended that § 60-6,197.04 was unconstitutional because it did not require probable cause to administer a PBT. In finding that § 60-6,197.04 was constitutional as applied and on its face, we distinguished a PBT from a formal arrest and concluded that the administration of a PBT need not be supported by probable cause. We explained:

[W]e [have] noted that . . . field sobriety tests were more akin to a *Terry* stop as authorized by *Terry v. Ohio*, [392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968),] and were reasonable so long as an officer could point to "'specific articulable facts'" supporting the stop and limited intrusion. In this case, we agree that the administration of a PBT is more in line with field sobriety testing and a *Terry* stop than it would be with a formal arrest. . . .

. . . [A]n officer is reasonable in administering a PBT if he can point to specific, articulable facts indicating that an individual has been driving [while] under the influence of alcohol.

*State v. Prescott*, 280 Neb. at 110-11, 784 N.W.2d at 885-86. Here, Officer Jensen cited specific articulable facts to support administering the PBT: He witnessed McCumber driving and immediately afterward observed unmistakable signs that McCumber was under the influence of alcohol. Further, with § 60-6,197.04 mandating only a *PBT*, as opposed to a search incident to a lawful arrest, the opinion in *Birchfield v. North Dakota*, ___ U.S. ___, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), does not affect our holding in *Prescott*. Thus, we find that § 60-6,197.04 is constitutionally valid, facially and as applied to McCumber, and does not conflict with the 4th, 5th, and 14th Amendments to the U.S. Constitution, and article I, §§ 7 and 12, of the Nebraska Constitution.

## VI. CONCLUSION

We find that § 60-6,197 is unconstitutional as applied to McCumber for his conviction on count III, refusing to submit to a chemical blood test, in violation of § 60-6,197, and said conviction and sentence are hereby vacated. We find no merit to McCumber's remaining assignments of error, and the decision of the district court is affirmed as to those issues. In view of our holding, and because the original sentencing order did not separately state the sentence for each count, the district court shall resentence McCumber on the remaining counts.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.