Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/28/2025 09:10 AM CST

State of Nebraska, appellee, v.
Charmayne R. Strong, appellant.

___ N.W.3d ___

Filed February 28, 2025.    No. S-24-296.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question
   of law that an appellate court resolves independently of the trial court.
2. **Statutes.** It is not within the province of the courts to read meaning
   into a statute that is not there or to read anything direct and plain out of
   a statute.
3. **Blood, Breath, and Urine Tests: Search Warrants.** Neb. Rev. Stat.
   § 60-6,197(3) (Reissue 2021) criminalizes the refusal to submit to a
   chemical blood test when the blood test is sought pursuant to a search
   warrant.

Appeal from the District Court for Sheridan County, Travis
P. O'Gorman, Judge, on appeal thereto from the County
Court for Sheridan County, Paul G. Wess, Judge. Judgment of
District Court affirmed.

Bell Island, of Island Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss
for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and
Freudenberg, JJ.

Papik, J.
At issue in this case is a single legal question: Can a per-
son be convicted of refusal to submit to a chemical blood test

for alcohol under Neb. Rev. Stat. § 60-6,197 (Reissue 2021) when law enforcement seeks the blood test pursuant to a search warrant? The answer to that question is yes. Because that resolves the appellant's assignments of error, we affirm her conviction.

## BACKGROUND

Relatively few background facts are necessary to frame the legal dispute at issue. Law enforcement officers responding to a minor two-vehicle accident suspected that the occupant of one of the vehicles, Charmayne R. Strong, was intoxicated. After Strong refused to take a preliminary breath test, officers arrested her and transported her to law enforcement headquarters. Officers then obtained a search warrant for a chemical test of her blood. They also advised her that refusal to submit to the blood test was a separate crime for which she could be charged. Strong initially said she would consent to the blood test, but after she was transported to a hospital, she raised objections and insisted on speaking to various individuals before she would agree to the blood test. After some time, the officers determined that Strong had refused to submit to the blood test and transported her back to law enforcement headquarters.

The State later charged Strong in county court with refusal to submit to a chemical test, in violation of § 60-6,197. Strong filed a motion to suppress evidence related to her arrest. At a hearing on the motion to suppress, the county court received evidence establishing the facts set forth above. The county court overruled the motion to suppress. Following a stipulated bench trial at which it was agreed that the county court would consider the evidence adduced at the hearing on the motion to suppress, along with some other exhibits, the county court found Strong guilty of refusal to submit to a chemical test. The county court imposed a sentence of 6 months' probation with various conditions, including a 60-day license revocation and a $500 fine.

Strong appealed to the district court. Her primary argument in the district court was that one cannot be found guilty of refusal to submit to a chemical test for blood under § 60-6,197 if the blood draw is sought pursuant to a search warrant. The district court rejected Strong's arguments and affirmed her conviction.

Strong then filed this appeal along with a petition to bypass the Nebraska Court of Appeals. We granted the petition to bypass.

## ASSIGNMENTS OF ERROR

Strong assigns that the district court erred by affirming the county court's denial of her motion to suppress and by finding there was sufficient evidence to convict her.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law that an appellate court resolves independently of the trial court. *State v. Clausen, ante* p. 375, 15 N.W.3d 858 (2025).

## ANALYSIS

*Framing the Question at Issue.*

The issue Strong presents in this case is narrow. Strong does not contest the county court's findings that officers sought a chemical test of her blood, that she was advised that a failure to submit to the chemical test was a separate offense for which she could be charged, or that she refused to submit to the chemical test. See *State v. Rothenberger*, 294 Neb. 810, 885 N.W.2d 23 (2016) (setting forth elements of offense of refusal to submit to chemical test under § 60-6,197). Neither does Strong contend that the search warrant was improperly issued. Instead, she argues only that one cannot be found guilty of refusal to submit to a chemical test for blood under § 60-6,197 if the blood draw is sought pursuant to a search warrant.

Strong has clothed her sole legal contention in the garb of assignments of error that assert her motion to suppress should have been granted and the evidence was insufficient to

support her conviction. At oral argument, she acknowledged that the success of both assignments of error depends upon her contention that one cannot be found guilty of refusal to submit to a chemical test for blood under § 60-6,197 if the blood draw is sought pursuant to a search warrant. We need not decide today whether either of Strong's assignments of error was an appropriate vehicle to raise her legal argument, because even assuming one was, we find that the argument lacks merit.

Although it is not clear that Strong relies directly on the U.S. Supreme Court's opinion in *Birchfield v. North Dakota*, 579 U.S. 438, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), some background regarding that case is helpful to understanding her argument. In *Birchfield*, the U.S. Supreme Court held that a breath test may be administered as a search incident to a lawful arrest for drunk driving but that the search incident to arrest doctrine did not justify the warrantless taking of a blood sample. The U.S. Supreme Court also addressed whether a warrantless blood test could be justified by implied consent laws. On that question, the Court held that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Id.*, 579 U.S. at 477.

The parties appear to agree that after *Birchfield*, in the absence of exigent circumstances, a person cannot be criminally convicted of refusing to submit to a warrantless chemical blood test. The parties disagree, however, about whether one can be convicted of refusal to submit to a chemical blood test if the test is sought after law enforcement has obtained a search warrant. As we have noted, Strong argues that one cannot be convicted in those circumstances. In support of this position, she argues that § 60-6,197 is an implied consent statute that does not apply to a situation in which a search warrant has been obtained. The State contends that the statute is not so limited. We turn to that question now.

*Scope of § 60-6,197.*

Strong characterizes § 60-6,197 as solely an "implied consent statute." Brief for appellant at 14. As she understands it, § 60-6,197 criminalizes the refusal to submit to a chemical blood test only when the test is sought on the basis of implied consent. Because the blood test at issue here was sought pursuant to a search warrant rather than implied consent, she argues, § 60-6,197 does not apply.

Resolution of this argument obviously requires that we consider and interpret the text of § 60-6,197. And Strong is certainly correct that § 60-6,197 includes an implied consent provision. Under § 60-6,197(1), any person operating or in control of a motor vehicle in Nebraska is deemed to have given his or her consent to submit to a chemical blood test for alcohol or drugs.

But § 60-6,197 contains other provisions aside from subsection (1)'s "implied consent" provision. Subsection (3) of § 60-6,197 contains the language that criminalizes the refusal to submit to a chemical test. It provides that "[a]ny person arrested as described in subsection (2)" may "be required to submit to" a chemical blood test for alcohol and drugs and that "[a]ny person who refuses to submit to such test or tests required pursuant to this section . . . shall be guilty of a crime . . . ." § 60-6,197(3). Nothing in subsection (3) limits its application to chemical tests sought pursuant to implied consent. To the contrary, its language makes it a crime for "[a]ny person arrested as described in subsection (2)" to refuse to submit to "tests required pursuant to this section." § 60-6,197.

Subsection (2) likewise is not limited to tests sought pursuant to implied consent. Rather, it provides that law enforcement may require "*any person* arrested for any offense arising out of acts alleged to have been committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic liquor or drugs" to submit to a chemical blood test if the officer "has reasonable grounds to believe that such person was driving or was in the

actual physical control of a motor vehicle in this state while under the influence of alcoholic liquor or drugs in violation of section 60-6,196." § 60-6,197(2) (emphasis supplied).

[2] In sum, subsection (3) makes it a crime to refuse a test "required pursuant to this section," but "this section," specifically subsection (2), broadly authorizes law enforcement to seek tests whenever they arrest a person with reasonable grounds to believe the person was driving under the influence. See § 60-6,197. Only by reading extratextual meaning into the statute could one conclude that § 60-6,197 does not criminalize refusals when a blood test is sought pursuant to a search warrant. As we often say, however, it is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute. *State v. Clausen, ante* p. 375, 15 N.W.3d 858 (2025).

[3] We therefore hold that § 60-6,197(3) criminalizes the refusal to submit to a chemical blood test when the blood test is sought pursuant to a search warrant.

*No Constitutional Barrier*
*to Strong's Conviction.*

Although we read § 60-6,197 to broadly criminalize the refusal to submit to chemical blood tests, we acknowledge that under *Birchfield*, § 60-6,197 cannot be constitutionally applied as broadly as it is written. If law enforcement seeks a blood test and the only justification for the blood test is the motorist's implied consent, *Birchfield* holds that the motorist cannot be criminally punished for refusing. Not only is this made clear by *Birchfield* itself, we recognized as much in *State v. McCumber*, 295 Neb. 941, 893 N.W.2d 411 (2017), a case in which we, in reliance on *Birchfield*, vacated a defendant's conviction for refusing a blood test when the blood test was sought without a warrant and without the presence of exigent circumstances.

In this case, however, there is no constitutional barrier to Strong's conviction. *Birchfield* held that a person could not be

criminally punished for refusing to submit to a warrantless, unlawful blood test. See *Birchfield v. North Dakota*, 579 U.S. 438, 478, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016) ("[u]nable to see any other basis on which to justify a warrantless test of [the defendant's] blood, we conclude that [he] was threatened with an unlawful search and that the judgment affirming his conviction must be reversed"). But here, Strong was not asked to submit to an unlawful blood test. Law enforcement officers had obtained a search warrant, and Strong makes no argument that the warrant was improperly issued or that law enforcement officers lacked authority to require the test for some other reason. Because the test was lawful, there is no constitutional barrier to criminalizing Strong's refusal to submit to it. This too was recognized in our opinion in *McCumber, supra*. There, we rejected a facial challenge to § 60-6,197, explaining that there were circumstances when the statute could be validly applied such as when the blood test is sought pursuant to a valid warrant.

Prior to concluding, we address one additional argument Strong makes in reliance on language from *Birchfield*. Strong points to language in that opinion stating that a person "'has no right to resist [a] search'" backed by a warrant. *Birchfield*, 579 U.S. at 455 (quoting *Bumper v. North Carolina*, 391 U.S. 543, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968)). She suggests that this language recognizes that a person is *not capable* of refusing a blood test supported by a warrant. We disagree. It does not follow from the fact that one is not legally justified in refusing a search that one is also incapable of refusing. We can discern no constitutional barrier to Strong's conviction for refusal to submit to a chemical blood test.

## CONCLUSION

Because Strong's assignments of error are without merit, we affirm her conviction.

Affirmed.